862 F.2d 870
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kerry Lee SMITH, Petitioner-Appellant,
v.
Laurie BESSINGER; Attorney General of South Carolina,
Respondents-Appellees.
 No. 88-7710.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 30, 1988.
Decided: Nov. 17, 1988.
Rehearing and Rehearing In Banc Denied Jan. 6, 1989.
 
 Kerry Lee Smith, appellant pro se.
 Frank Louis Valenta, Jr. (Office of the Attorney General of South Carolina), for appellees.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Kerry Smith seeks to appeal the district court's order refusing habeas relief pursuant to 28 U.S.C. Sec. 2254. Our review of the record and the district court's opinion accepting the recommendation of the magistrate discloses that this appeal is without merit.
 
 
 2
 We elaborate on one of the issues raised by Smith for clarification. Smith challenged the admission of his statement admitting ownership of the car where a large amount of marijuana was discovered. Smith contends that the question was propounded to elicit his admission and violated his invocation of his right to remain silent under Miranda v. Arizona, 384 U.S. 436 (1966). We agree. We note that Smith had invoked his right to remain silent 3-5 minutes prior to the question in dispute. Moreover, Smith was in handcuffs and was being guarded by a nearby officer. Furthermore, the officer knew, or should have known, that the question would elicit an incriminating statement. See Rhode Island v. Innis, 446 U.S. 291 (1980). Under these circumstances, we deem this situation a custodial interrogation. See Berkemer v. McCarty, 468 U.S. 420 (1984).
 
 
 3
 However, Smith is not entitled to relief because the admission of the statement that he owned the car is harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18 (1967). We reach this conclusion readily--Smith, himself, admitted ownership when testifying at trial and the state easily could, and did, present independent evidence of ownership through the registration they legally obtained with the valid search warrant. Thus, the error at issue had negligible effect on these proceedings.
 
 
 4
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the district court with the above modification. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 DISMISSED.